**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
PATRICK S. OLCHOVY & DONNA
OLCHOVY,

                Plaintiffs,             **MEMORANDUM OF**
                                          **DECISION AND ORDER**
        -against-                  11-CV-1733 (ADS)(ETB)

MICHELIN NORTHAMERICA, INC., and
MICHELIN CORPORATION,

                Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Aliazzo, McCloskey & Gonzalez, LLP**
*Attorneys for the plaintiffs*
94-03 101 Avenue
Ozone Park, NY 11416
        By:  Francisco Gonzalez, Esq., Of Counsel

**Olgetree Deakins**
*Attorneys for the Defendants*
10 Madison Avenue
Morristown, NJ 07960
        By:  Eric Charles Stuart, Esq., Of Counsel

**SPATT, District Judge**.

       Presently before the Court is a Report and Recommendation by United States Magistrate Judge E. Thomas Boyle dated September 30, 2011 ("the Report"), recommending that the Court remand this case to the Suffolk County Supreme Court. For the reasons set forth below, the Court adopts the Report in its entirety.

       On December 23, 2010, the plaintiffs commenced this action against the defendants in Suffolk County Supreme Court alleging that the defendants, as successor corporations to the B.F. Goodrich Company/Uniroyal Goodrich ("BFG"), violated a 1994 settlement agreement between the plaintiffs and BFG. The 1994 settlement agreement

required BFG and its successors to pay for family medical coverage for the plaintiffs for as long as plaintiff Patrick Olchovy was considered a disabled employee. On April 4, 2011 the defendants removed this action to the United States District Court for the Eastern District of New York on the ground that the action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 101 et seq.

On August 4, 2011, Judge Boyle held an initial conference, at which he directed the defendants to show cause as to "why this action should not be remanded because the action is based on a stipulation of settlement in a state court action in 1994 and not based on ERISA". (Docket Entry # 14.) After reviewing the parties' submissions, Judge Boyle issued the Report on September 30, 2011 recommending that the Court remand the case back to the Suffolk County Supreme Court.

In particular, Judge Boyle first found that the plaintiffs' claim was not preempted by ERISA, stating that:

> [T]his is not a case in which plaintiffs seek benefits under the Plan, or seek to clarify or enforce any rights under the Plan. Rather, plaintiffs assert that, notwithstanding what the Plan states, they are entitled to family medical coverage without being required to pay a premium solely pursuant to a separate court-ordered settlement of a personal injury action.
>
> . . .
>
> To the extent that defendants are attempting to argue that, by attempting to resolve this matter through the Plan's appeals process, plaintiffs somehow conceded that their claim actually arises under ERISA, defendants have cited no legal support for this proposition, nor can the Court find any.

(Report at 9–10.) Furthermore, Judge Boyle held that ERISA was inapplicable because the plaintiffs' breach of contract claim seeks to enforce an independent legal duty owed by the defendants, noting that:

> [P]laintiffs claim that defendants had a legal duty arising from the 1994 settlement agreement to provide family medical coverage to them without requiring payment of a premium for as long as plaintiff Patrick Olchovy remained disabled. This duty, if proved, arises "independently of ERISA or the terms of [any] employee benefit plans"[.]

(Report at 10 (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 212, 124 S. Ct. 2488, 159 L. Ed. 2d 1 (2004).)   To date, there have been no objections filed to the Report.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C).  "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).  The Court has reviewed Judge Boyle's Report and finds it to be persuasive and without any legal or factual errors.

There being no objection to Judge Boyle's Report, it is hereby

**ORDERED**, that Judge Boyle's Report and Recommendation is adopted in its entirety and the Court remands this case to the New York State Supreme Court, Suffolk County, and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
       October 17, 2011

                                                                   __/s/ Arthur D. Spatt_____
                                                                     ARTHUR D. SPATT
                                                             United States District Judge